FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

2017 JAN 20  PM 4:59

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

BY_____ DEP. CLK

_Takuma Onuo-Hagood_ , Plaintiff,

v.

_District and County Courts,_
_of El Paso, County, Colorado._

_____ ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ , Defendant(s).

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

(Rev. 07/06)

## PARTIES

1. Plaintiff ___Tohnny Owens-Haywood___ is a citizen of ___United States of America___
   who presently resides at the following address:
   ___566 Fayetteville, rd , Atlanta, GA 30316___

2. Defendant ___Elpaso County___ is a citizen of _____
   who live(s) at or is/are located at the following address:
   _____

3. Defendant ___Judge Grohs___ is a citizen of _____
   who live(s) at or is/are located at the following address:
   _____

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:
   _____
   _____
   _____

5. Briefly state the background of your case:

   The judge ~~inter~~ entered a not guilty plea
   on 6-30-15 on behalf and it should have been
   enter upon my first Appearance at my stating
   that I would like to proceed Pro se ~~&e~~ for trial.
   See ~~Attch~~ Attachment(s)

**FIRST CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

**SECOND CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

**THIRD CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

## REQUEST FOR RELIEF

Plaintiff requests the following relief: That the Courts grant my Motion of Speedy trial violation. and the case be dismissed

Date: 1/20/17

TAKuma Owuo-Hagood

(Plaintiff's Original Signature)

566 fayettville rd
(Street Address)

Atlanta, GA, 30316
(City, State, ZIP)

404 247 8125
(Telephone Number)

(Rev. 07/06)                    6

☐ County Court  ☒ District Court
El Paso County, Colorado
Court Address: 270 South Tejon Street, PO Box 2980
Colorado Springs, CO 80901

FILED IN THE DISTRICT AND
COUNTY COURTS OF
EL PASO COUNTY, COLORADO

JAN 2 0 2017

DR. LYNETTE CORNELIUS
CLERK OF COURT

Re: The Matter of:
THE PEOPLE OF THE STATE OF COLORADO

v.

Defendant(s) Takuma Owuo-Hagood

▲    COURT USE ONLY    ▲

Attorney or Party Without Attorney (Name and Address):
Takuma Owuo-Hagood    566 Fayettaville rd
Atlanta, GA, 30316
Phone Number: 404 247 8125    E-mail: MsFoodsLLC@gmail...
FAX Number:    Atty. Reg. #:

Case Number:
15 CR 4815

Division 18    Courtroom S505

## MOTION TO Dismiss Speedy Trial

For the following reasons: (cite any applicable law)
Speedy trial was violated and time limits were not followed by the courts see attachment with respondes. It was an accumulation of time that was past the 180 day mark and really should have only be 70 days because this was not a complex case.

I request the Court to:
Dismiss the charge(s) against me with out projudace

Dated: 1/20/2017

Takuma Owuo-Hagood
☐ Petitioner/Plaintiff  OR  ☒ Respondent/Defendant

566 Fayetteville rd
Address
Atlanta, GA, 30316
City, State and Zip Code
404 247 8125
Telephone Number (Home)    (Work)

## CERTIFICATE OF MAILING

I certify that on 1 20 2017 (date) the original of this Motion was filed with the Court; and a true and accurate copy of this **MOTION TO** Dismiss Speedy trial was served on the other party(ies) by placing it in the United States mail, postage pre-paid and addressed to the following:

Office of the District Attorney
105 E. Vermijo Avenue
Colorado Springs, CO 80903

Takuma Owuo-Hagood

☐ Petitioner/Plaintiff  OR  ☒ Respondent/Defendant

CCF 101 4/13 Blank Motion

☐ District Court   ☐ County Court
El Paso County, Colorado
Court Address: 270 South Tejon Street, PO Box 2980
            Colorado Springs, CO 80901

THE PEOPLE OF THE STATE OF COLORADO

v.

Defendant(s)

▲   **COURT USE ONLY**   ▲

Case Number:

Division:        Courtroom:

**ORDER**

Upon consideration of the Motion to _____ of the Defendant, it is hereby ordered that:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Dated: _____        BY THE COURT:


                                        _____
                                        ☐   Judge   ☐   Magistrate

CCF 102 4/13 Blank Order

(c)

(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

(2) Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

## 18 U.S. Code § 3161 - Time limits and exclusions

(d)

(1) If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

(2) If the defendant is to be tried upon an indictment or information dismissed by a trial court and reinstated following an appeal, the trial shall commence within seventy days from the date the action occasioning the trial becomes final, except that the court retrying the case may extend the period for trial not to exceed one hundred and eighty days from the date the action occasioning the trial becomes final if the unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section. The sanctions of section 3162 apply to this subsection.

**This was case was not complex in anyway.**

The trial judge complained about his crowded docket and postponed the defendant's trial. Later, the judge entered an order declaring the case complex. The Seventh Circuit held that the Speedy Trial Act was violated and the post hoc rationale for the continuance did not overcome the actual reason announced by the court at the time the continuance was granted.

**United States v. Hicks, 779 F.3d 1163 (10th Cir. 2015)**

There was no excludable time from 3/02/2016-06-30-2016 besides     defendants motion set for appeal of which was ruled on Sept 19, 2016 and Mandidate on November 7 2016, even which if this time is deducted still is well beyond the 70 day rule and 180 day in a worst case senario.

The government must obtain an indictment within thirty days of the defendant's first appearance. 18 USC § 3161(h). The time between first appearance and the return of an indictment during which the defense and the prosecutor are engaged in efforts to resolve the case with a plea agreement is not excludable time. Though there are certain periods of excludable time during the thirty day window (e.g., "for other proceedings concerning the defendant"), this does not include plea negotiations.

United States v. Marshall, 669 F.3d 288 (D. C. Cir. 2012)

**The judge exludes that the defendant ask for a continuance which the defendant never did in fact he ask the this proceed as he want to continue for trial.**

Relying on the Supreme Court decision in Bloate, the First Circuit holds that excluding days for the purpose of allowing the defendant to prepare motions was improper. Only pursuant to (h)(7) may the court exclude a period of time such as this, and only if specific findings are made that such time is necessary for a case-specific reason. The second period that the district court excluded was for 16 days when the defendant said that he was going to file for a continuance to enable him to consider a plea offer. No continuance, however, was ever actually requested. The First Circuit reluctantly held that this period was also not properly excluded. The First Circuit reversed the conviction with directions to dismiss the indictment, though the lower court was permitted to do so without prejudice.

United States v. Bloate, 655 F.3d 750 (8th Cir. 2011)

**The judge make notion that the time period never begins untils 6/30/2016 and she came to that conclusion because of probabel cause.**

Several rulings on a Speedy Trial Act dismissal, including holding that the speedy trial clock begins to run upon the filing of an information, even if an indictment is later filed. The court also rejected the government's argument that the defendant waived the speedy trial act error.

United States v. Larson, 627 F.3d 1198 (10th Cir. 2010)

**The defendant never requested for any contiuance**

The trial court granted several "ends of justice" continuances. Many of the continuances were granted to enable the defendant to "review newly provided discovery" or for the prosecution to locate a co-defendant and transport him to the jurisdiction. The trial court failed to adequately make case-specific findings to support the various continuances. The fact that many of the continuances were at the request of the defendant is not determinative, because the Speedy Trial Act protects the interest of the public, not just the defendant, in a speedy trial.

United States v. Henry, 538 F.3d 300 (4th Cir. 2008)

**The court has not consider the defendants innocence of having to make more then 13 times before the court.**

The trial court failed to adequately perfom the (h)(8) balancing between the need for a continuance and the public's interest in a speedy trial. A remand was necessary to make findings on the record.

United States v. Young, 528 F.3d 1294 (11th Cir. 2008)

The judge saying propable cause started time period

The defendant was initially indicted for possession of an unregistered silencer. Two months later, the indictment was superseded and various drug counts were added to the indictment. When the case went to trial, the defendant moved to dismiss the firearm charge, because more than seventy non-excludable days passed prior to the trial on that charge. The Eleventh Circuit held that neither the filing of a superseding indictment, nor a dismissal and re-indictment operates to re-start the speedy trial clock.

United States v. Bryant, 523 F.3d 349 (D.C. Cir. 2008)

**As to the judge stating the clock hasnt started until 6-30-2016 when there was multiple preliminary hearings.**

The Speedy Trial clock started on the day of the co-defendant's arraignment. The clock did not stop indefinitely when the government filed a motion to permit the introduction of a prior conviction under Rule 609, because the defendant never responded and there was no hearing contemplated by the motion. In the trial court's pre-Zedner ruling, it also found that there was an "implicit" finding of the need for an "ends of justice" continuance. Zedner does not approve that procedure. In light of the violation of the Speedy Trial Act, the conviction was reversed and the trial court was obligated to determine whether the dismissal of the indictment would be with, or without, prejudice.

United States v. Kuper, 522 F.3d 302 (3rd Cir. 2008)

The Fifth Circuit held that the date the indictment was returned was the start date for the seventy day clock, because the defendant had already appeared in court. The government unsuccessfully argued that the date he filed a written waiver of appearance and entered a not guilty plea was the date that started the clock.

United States v. Stephens, 489 F.3d 647 (5th Cir. 2007)

The statement from the judge saying the defendant ask for the court of appeals to rule on her propabal cause to proceed doesn't allow for the NOV 7 date as she stated to the procecusion office to look into.

In joint defendant cases, if the clock has not run out on one defendant, the clock is tolled "for a reasonable period of time" as to co-defendants. § 3161(h)(7). In this case, a co-defendant entered a guilty plea and the district court tolled the clock for the defendant for seven weeks while the co-defendant's plea was being considered (i.e., prior to sentencing). The Fifth Circuit reversed: delaying the defendant's trial for seven weeks while the co-defendant's plea was being considered was not reasonable. In addition, the defendant's severance motion, which did not require a hearing, only created a thirty-day clock stoppage from the date the motion was taken under advisement. § 3161(h)(1)(J).

United States v. Sanders, 485 F.3d 654 (D.C. Cir. 2007)

The motion to appeal to the court of appeals

When there is an interlocutory appeal, the 70-day Speedy Trial clock is interrupted, but not restarted. Here, the defendant filed an interlocutory appeal after the trial court denied his motion to dismiss a new indictment which was returned following an earlier mistrial.

United States v. Johnson, 120 F.3d 1107 (10th Cir. 1997)


**When the defendant appeared before the courts and the DA offices asked for a continuance because of a vacation date that she has already**

When the court invokes the "ends of justice" basis for postponing a trial, the findings in support of this continuance must be made before the time limit expires, though the written order may be entered after the 70-day period expires. In this case, the court's only findings within the time limit, was that a continuance was needed to accommodate the court's schedule. A congested court calendar is not a permissible basis for a § 3161(h)(8)(A) continuance. The indictment should have been dismissed and a remand was necessary for the lower court to determine whether the dismissal should be with, or without prejudice.


United States v. Lloyd, 125 F.3d 1263 (9th Cir. 1997)

**The time period**

The defendant was initially charged in a two-count indictment. Later, eight more counts were added in a superceding indictment. Trial was held within seventy days of the superceding indictment, but this was more than seventy days from the initial indictment. The first two counts, therefore, should have been dismissed.


United States v. Barnes, 159 F.3d 4 (1st Cir. 1998